**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANGELO DISENA,

    Plaintiff,

v.                                              Case No. 15-11388

WASTE MANAGEMENT OF MICHIGAN, INC.,

    Defendant.
                                               /

**AMENDED OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**[1]

Pending before the court are Defendant's Motion to Dismiss and Motion to Consolidate Cases (Dkt. ## 10, 11), and Plaintiff's "Motion to Keep Case Open For Trial" (Dkt. # 18). Plaintiff Angelo DiSena filed this Title VII *pro se* action seeking damages against Defendant Waste Management of Michigan, Inc. for wrongful termination, filing two related complaints that each initiated actions before two judges in this district. (*See* Case Nos. 15-11387, 15-11388). In Case No. 15-11387, this court exercised its discretion to grant Plaintiff *in forma pauperis* status and dismissed the complaint pursuant to 28 U.S.C. § 1915(a)(1). *DiSena v. TS Emp't, Inc.*, No. 15-11387, Dkt. # 5 (E.D. Mich. June 6, 2015). After that dismissal, Plaintiff filed another action, Case No. 15-12566, which this court recently dismissed as untimely. *DiSena v. TS Emp't, Inc.*, No. 15-12566 , Dkt. 8 (E.D. Mich. August 12, 2016).

The instant case was originally assigned to Judge Linda Parker, who granted

---

[1]The court originally issued an opinion that incorrectly identified Defendant, using a defendant's name from a companion case. This Amended Opinion and Order corrects that error.

Plaintiffs request to proceed *in forma pauperis* but did not dismiss the complaint. (Dkt. # 5.) On August 31, 2015 Defendant filed the now-pending Motion to Dismiss (Dkt. # 10) and a Motion to Consolidate the case with Case No. 15-12566. (Dkt. # 11). Judge Parker issued a notice that both motions would be determined without oral argument and directed Plaintiff to Respond to the motions by October 2, 2015, extending the period normally allowed for a response. (Dkt. ## 14, 15.) Plaintiff failed to file any response by that extended deadline and instead filed a Motion to Keep Case Open for Trial on October 6, 2015. (Dkt. # 18.) After this point, both case Nos. 15-12566 and 15-11388 were reassigned to the undersigned as companion cases to the previously dismissed action discussed above, Case No. 15-11387. As noted, this court has since dismissed Case No. 15-12566 as untimely because it was filed more than ninety days after Plaintiff received his right-to-sue notification from the Equal Employment Opportunity Commission ("EEOC").

The court will grant Defendant's motion to dismiss the instant action and deny the motion to consolidate and motion to keep the case open for trial as moot.

## I.  STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  In order to survive a motion to dismiss, the complaint must allege "[f]actual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Only a complaint that states a plausible claim for relief can survive a motion to dismiss, and "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.

*Id.* at 679 (internal quotation marks, citation, and brackets and omitted).  "In determining whether to grant a [motion to dismiss], the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quotation marks, citation, and emphasis omitted).

## II.  DISCUSSION

Defendant argues, and the court agrees, that Plaintiff's Complaint must be dismissed because he has failed to meet the pleading requirements of Federal Rule of Civil Procedure 8.  Current pleading standards require the plaintiff to allege specific facts in the complaint.  *See Twombly*, 550 U.S. at 544; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  *Twombly* held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [illegal conduct]."  550 U.S. at 556.  In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability."  *Id.*

Though decidedly generous, especially in the context of a *pro se* plaintiff, this standard of review does require more than the bare assertion of legal conclusions.

Here, Plaintiff has filled in a form complaint for employment discrimination, by checking a box that Defendant terminated his employment and writing in "[s]exual harassment. Not defending my constitutional right of participating in by [sic] limiting my Christmas compensation. Whistle Blower." (Dkt. # 1, Pg. ID 2.) He bases the claim on sex discrimination, but offers no facts in the Complaint in support of his action. (*Id.*) "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated on other grounds by Twombly*, 550 U.S. 544. In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted). Plaintiff's bare-bones pleading does not meet the liberal requirements of *Twombly* or Federal Rule of Civil Procedure 8, and therefore it must be dismissed.

Because Plaintiff does assert some facts relating to his sex discrimination claims in the "Motion to Keep the Case Open for Trial," the court must also consider whether that untimely response to Defendant's Motion to Dismiss should be construed in such a way as to cure the defects in the Complaint. "Although pleadings of a *pro se* litigant are to be construed liberally, the Court must and will require that duly set deadlines be followed. Dismissal of an action is appropriate where a *pro se* litigant fails to comply with a readily comprehended deadline despite sufficient opportunity to do so." *Davis v.*

*Astrue*, No. 2:08-cv-218, 2009 WL 2745633, at *1 (E.D. Tenn. Aug. 26, 2009) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Here Plaintiff was given an extended period of time within which to file a response to Defendant's Motion to Dismiss and failed to do so. Further, Plaintiff should have been aware of the deficiencies in his Complaint months before, as this court had dismissed the nearly identical complaint in the companion to this case more than two months before the Motion to Dismiss was filed and approximately four months before Plaintiff's response was due. *See DiSena v. TS Emp't, Inc.*, No. 15-11387, Dkt. # 5 (E.D. Mich. June 6, 2015) (dismissing complaint under the *Twombly* standard). Even assuming, *arguendo*, the facts alleged in the Motion to Keep Case Open for Trial could save Plaintiff's complaint, the court declines to excuse Plaintiff's tardy response to the motion to dismiss.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. 10) is GRANTED and the action is DISMISSED WITH PREJUDICE.[2]

---

[2] Though a dismissal under *Twombly* is without prejudice, the court notes that if Plaintiff attempted to refile this action, the new Complaint would be untimely. Title VII requires that an action in federal court be filed within ninety days of receipt of a right-to-sue letter from the EEOC. *See Tate v. United Servs. Assocs., Inc.*, 75 F. App'x 470, 471 (6th Cir. 2003). Additionally, the filing of an earlier complaint that was dismissed without prejudice does not toll the ninety-day period. *Id.* As this action cannot be timely refiled, the court dismisses with prejudice.

IT IS FURTHER ORDERED that Defendant's Motion to Consolidate (Dkt. # 11) and Plaintiff's Motion to Keep Case Open for Trial (Dkt. # 18) are DENIED AS MOOT.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2016, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
